IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | | Criminal No. CCB-06-413 |
| v. | * | |
| LUVINE ARTHUR SUMMERS | * | |

********

## MEMORANDUM

Defendant Luvine Arthur Summers has filed a *pro se* motion for copy work at public expense requesting copies of the transcript of his sentencing proceeding. He states that he needs these copies to "properly challenge [his] case. [As he] can't quote what exactly what was said." Paper No. 12.

Filing a post conviction motion to vacate, set aside or correct sentence is a precondition to an indigent petitioner requesting transcripts at court expense. *See United States v. MacCollom*, 426 U.S. 317, 321-22 (1979). Mr. Summers does not have a pending 28 U.S.C. § 2255 petition before this court and is therefore not entitled to transcripts at public expense.

Further, defendant is not entitled to obtain documents at government expense absent a showing of a particularized need. *See United States. v. Shoaf*, 341 F.2d 832, 833-834 (4th Cir. 1964) (ruling there is no entitlement to free transcript merely for examination to determine whether to engage in litigation or to "comb the record in the hope of discovering some flaw"); *Bozeman v. U. S.*, 354 F. Supp. 1262 (E.D. Va. 1973) (holding federal prisoner must state claim of constitutional dimension which is neither frivolous on its face nor rendered moot under the law by other applicable doctrines, and must specify with clarity those portions of the proceedings questioned to permit an initial determination of relevance to be made by district court). Upon

review of the motion, it is clear that Mr. Summers does not demonstrate a particularized need for obtaining the transcript at government expense. The motion will be denied. A separate order consistent with this memorandum follows.


<u>November 26, 2008</u>  \_\_\_\_\_/s/_____
Date                               Catherine C. Blake
                                   United States District Judge